UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

KELLY MARIE KING,                        Case No. 23-90046-swd
                                           Chapter 7
            Debtor.                   Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                      Chief United States Bankruptcy Judge

Chapter 7 debtor Kelly Marie King filed a Cover Sheet for Reaffirmation Agreement with the Reaffirmation Documents through which she seeks court approval of her agreement to continue making payments to the Toyota Lease Trust ("Toyota") under a lease secured by a 2021 Toyota Tacoma 4x4 motor vehicle. Part I of the Reaffirmation Documents comprises the "Reaffirmation Agreement." *See* ECF No. 22 (the "Reaffirmation Agreement"). Except for the amount to be reaffirmed, the Reaffirmation Agreement is, in all material respects, the same as the one she filed (and the court approved) in a chapter 7 case filed last year, but dismissed before discharge for failure to pay the filing fee. *See In re King*, Case No. 22-90072 (Bankr. W.D. Mich.), ECF Nos. 11 (reaffirmation documents) and 14 (order).

The court held a telephonic hearing on August 14, 2023, to consider the current Reaffirmation Agreement, and Ms. King appeared *pro se*; Toyota did not appear. After discussing the matter with Ms. King, the court expressed doubt about whether it could approve the Reaffirmation Agreement under 11 U.S.C. § 524(c) if the earlier agreement remains enforceable despite her filing a new bankruptcy case.

The court's initial doubt arose from concerns that the previous reaffirmation agreement rendered the underlying debt to Toyota no longer "dischargeable," a prerequisite to applying § 524(c) in the current case.  The court was considering the possibility that Ms. King's earlier reaffirmation agreement amounted to a post-petition, court-approved waiver of discharge as to a particular debt, implicating §§ 523(a)(10) and 727(a)(10). *See Lichtenstein v. Barbanel*, 161 Fed. Appx. 461 (6th Cir. 2005) (with bankruptcy court approval a debtor may waive discharge of a particular debt) (unpublished decision).

On further reflection, however, the court believes that the underlying debt to Toyota remains "dischargeable" despite the court's earlier approval of the agreement because the period for rescinding that agreement never ended -- the dismissal of Case No. 22-90072 predated entry of a discharge.  Accordingly, the earlier agreement never became fully enforceable because one of the conditions precedent to enforceability -- that "the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, *whichever occurs later*" -- never occurred.  11 U.S.C. § 524(c)(4) (emphasis added).  Without an enforceable agreement in the prior case, Ms. King did not fully and finally waive her discharge as to the Toyota debt: she could still change her mind and rescind the earlier reaffirmation agreement by giving the creditor appropriate notice. *Id*.

Under the circumstances, and after discussing the matter with Ms. King, the court finds the Reaffirmation Agreement does not impose an undue hardship on her, is in her best interests, and falls within the scope of § 524(c) in her current case because the debt, today, remains "dischargeable."

NOW, THEREFORE, IT IS HEREBY ORDERED that the Reaffirmation Agreement is APPROVED under § 524(c)(6)(A).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Toyota (by U.S. Mail at the address listed on the Reaffirmation Agreement), the Debtor (by U.S. Mail at the address listed on the docket), the chapter 7 trustee, and all requesting notice of these proceedings, and the United States Trustee.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated August 15, 2023**



Scott W. Dales
United States Bankruptcy Judge